UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

                                                                  Criminal Case No. 13-cr-20373-02

v.                                                    Civil Case No. 15-cv-10782

DEMOND WILSON,                        HON. MARK A. GOLDSMITH

       Defendant.
_____/

**OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C.
§ 2255 (Dkt. 77) AND DENYING CERTIFICATE OF APPEALABILITY**

**I. INTRODUCTION**

This matter is before the Court on Defendant Demond Wilson's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. 77). Defendant gives three reasons that the Court should grant him relief from his sentence. First, Defendant argues that his counsel was ineffective because Defendant was not told which two of his prior convictions would be used as a basis for a career offender enhancement. Second, Defendant argues that his counsel was ineffective for failing to investigate the Probation Department's position that he had the prior convictions necessary to be deemed a career offender. Third, Defendant argues that the Court erred by sentencing him to a term that created a disparity between his sentence and those of his co-defendants. For the reasons discussed below, the Court finds these arguments meritless and, therefore, denies Defendant's motion.

**II. BACKGROUND**

On November 14, 2011, Defendant and two accomplices robbed a bank in Flint, Michigan. Gov't Resp. to Def. Mot. at 2-3 (Dkt. 88). The First Superseding Indictment charged

1

each of the three defendants, including Defendant, with armed bank robbery and brandishing a firearm during and in relation to a crime of violence (Dkt. 33).

On October 31, 2013, pursuant to a plea agreement, Defendant pleaded guilty to counts one and two of the First Superseding Indictment (Dkt. 63). As to count one (armed bank robbery), the Plea Agreement reflected a calculated guideline range of 188 to 235 months. Plea Agreement at 4. As to count two (brandishing a firearm during and in relation to a crime of violence), the Plea Agreement reflected the mandatory minimum sentence of seven years, or 84 months. Id.; see also 28 U.S.C. § 924(c)(1)(A)(ii). The criminal history worksheet attached to the Plea Agreement notes a number of Defendant's prior convictions. Plea Agreement at 16 (cm/ecf page).

On February 27, 2014, this Court sentenced Defendant to 188 months — the bottom of the guideline range — for count one, and 84 months for count two, to be served consecutively. See Judgment at 2 (Dkt. 73). This combined sentence of 272 months fell squarely within the terms of the Plea Agreement, which allowed any term of imprisonment at or below the midpoint of the applicable combined guideline range of 272 to 319 months. Plea Agreement at 6. Meanwhile, Defendant's co-defendants, Rodney Burse and Percy Dendy, who also pleaded guilty to single counts of bank robbery and brandishing, received combined sentences of 180 and 135 months, respectively. United States v. Burse, No. 13-cr-20373-01 (Dkt. 76); United States v. Dendy, No. 13-cr-20373-03 (Dkt. 74).

### III. 28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

> impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors are generally outside the scope of § 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 175 F.3d 486, 488 (6th Cir. 1999).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

## IV. ANALYSIS

### A. Ineffective Assistance of Counsel

Two of Defendant's three bases for objection allege that his trial counsel was ineffective. Defendant asserts that counsel was ineffective for failing to "investigate and challenge Probation's position that [Defendant] had the predicate convictions to be deemed a career offender." Def. Mot. at 5. Defendant's implied premise appears to be that his career offender enhancement was based on convictions never entered against him.[1] Defendant also objects that he was denied the effective assistance of counsel because "[n]either the Plea Agreement or [Presentence Investigation Report ("PSR")] or [the] Court specified which two prior convictions would be used" to enhance his sentence under the career offender enhancement. Id.

To satisfy the rigorous standard required to sustain an ineffective assistance claim, Defendant must show "(1) that counsel's performance was deficient in that it 'fell below an objective standard of reasonableness;' and (2) that the defendant was prejudiced as a result of his counsel's deficient performance." See United States v. Bailey, 547 F. App'x 756, 765 (6th Cir. 2013) (quoting Strickland v. Washington, 466 U.S. 668, 687-688 (1984)). The Court has "no reason . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697; see also Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004) ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

Both of Defendant's ineffective assistance claims ultimately attack his status as a "career offender" for purposes of sentencing. Pursuant to the sentencing guidelines manual, a defendant is deemed a "career offender" when (i) he was at least 18 years old when he committed the

---

[1] Unlike his other two grounds for relief, however, Defendant does not allege any facts in support of this ground for relief. Def. Mot. at 5.

instant offense; (ii) the instant offense is either a violent crime or a controlled substance offense; and (iii) the defendant has at least two prior felony convictions for violent crimes and/or controlled substance offenses. United States Sentencing Commission, Guidelines Manual, § 4B1.1.

The Court first addresses Defendant's claim that his counsel should have challenged the Probation Department's position that he "had the predicate convictions" for career offender status, Def. Mot. at 5. Although Defendant did not explicitly claim that the convictions did not exist, for the sake of argument the Court will assume that he did; it is further assumed that applying a career offender enhancement based upon non-existent convictions satisfies Strickland's prejudice prong. However, the Court nevertheless rejects this claim, because the Court was entitled to rely upon the PSR in the absence of Defendant's objection.

In the Sixth Circuit, "a district court may rely on unchallenged PSR findings to establish the existence of prior convictions." United States v. Hockenberry, 730 F.3d 645, 666 (6th Cir. 2013) (emphasis removed). Furthermore, an implicit admission of the prior convictions that is contained in a sentencing memorandum supports a district court's reliance on a PSR to which a defendant does not object. Id. at 667. And although counsel has a duty to investigate his client's background in preparation for sentencing, Harries v. Bell, 417 F.3d 631, 637 (6th Cir. 2005), counsel does not need to overturn every stone, Rompilla v. Beard, 545 U.S. 374, 383 (2005). Rather, an attorney's decision not to investigate a particular fact must be reasonable. Wiggins v. Smith, 539 U.S. 510, 521-522 (2003).

Here, if Defendant's attorney indeed declined to investigate Defendant's prior convictions, he did not do so unreasonably, because Defendant explicitly agreed — at every stage but this one — that the prior convictions existed. During the plea hearing, Defendant

personally indicated that he was aware of, and satisfied with, the Plea Agreement, which detailed the prior convictions and their intended use at sentencing. Plea Hearing at 12-13 (Dkt. 86). Defendant signed that Plea Agreement himself. Defendant's sentencing memorandum admitted the existence of two convictions and stated that they justified career offender status. Sentencing Mem. at 4-5. And during the sentencing hearing — notably, shortly after his attorney had mentioned the prior convictions supporting his career offender status — Defendant was given an opportunity to raise his concerns, but he did not object. Sentencing Tr. at 8, 10 (Dkt. 87). Defendant did not object to the PSR at sentencing or at any other point. Accordingly, because he did not object to the PSR or otherwise communicate to his attorney that the prior convictions did not exist, Defendant offers no reason to believe that his counsel performed below an objective standard of reasonableness by failing to investigate the convictions.

The Court also rejects Defendant's argument that counsel was ineffective for failing to demand identification of which prior convictions, in particular, would be used to enhance his sentence, because Defendant does not explain why he was prejudiced. For example, Defendant fails to assert that fewer than two of the prior convictions were for violent crimes, or that the crimes were not felonies, such that no two convictions could possibly support career offender enhancement. Moreover, even if Defendant had made such assertions, the Court would reject them as a matter of law. Two of Defendant's past convictions under Michigan law — for felonious assault and assault with intent to do great bodily harm less than murder — each count toward a defendant's classification as a career offender on the ground that each has "as an element the use, attempted use, or threatened use of physical force against the person of another," U.S.S.G. § 4B1.2(a)(2). See United States v. O'Valle, 9 F.3d 110 (6th Cir. 1993) (table) (felonious assault); United States v. Sain, No. 07-20309-09, 2009 WL 1957485, at *8

6

(E.D. Mich. July 7, 2009) (assault with intent to do great bodily harm less than murder). Accordingly, although the Court is unaware of authority requiring it to specifically identify which of the qualifying prior convictions it uses to satisfy the career offender provision, the existence of such authority is immaterial to resolving Defendant's ineffective assistance claim. There was no prejudice. If pressed, the Court could have identified Defendant's two prior convictions for crimes of violence, and Defendant would have received the same sentence. Defendant's claim is, therefore, rejected.

### B. Procedural Sentencing Error

Finally, Defendant argues that his sentence is invalid because "[t]he Court failed to consider and respond" to his argument that there is a disparity between his sentence and those of his codefendants. Def. Mot. at 5. Defendant was sentenced to 272 months, while his co-defendants, Rodney Burse and Percy Dendy, received combined sentences of 180 and 135 months, respectively, also for crimes of bank robbery and brandishing.

Defendant's claim that the Court "failed to consider and respond" to his disparity argument is factually incorrect. At sentencing, the Court directly addressed defense counsel's argument that Defendant's sentence was disparate from those of his co-defendants. Sentencing Tr. at 16. The Court explained that the focus is not on a disparity as between co-defendants, but rather on disparities among "defendants who have committed similar crimes with similar records." Id. Therefore, the Court rejects Defendant's claim to the extent that it focuses on the Court's alleged failure to address the disparity objection.

Regarding the alleged disparity itself, it is well settled that the need to avoid sentencing disparities under 18 U.S.C. § 3553(a)(6) "requires the district court to avoid only unwarranted disparities between similarly situated defendants nationwide, and it does not require the district

7

court to avoid sentencing disparities between co-defendants who might not be similarly situated." United States v. Cedillo-Narvaez, 761 F.3d 397, 406 (5th Cir. 2014). In any case, the record reveals that Defendant is not similarly situated to his co-defendants.[2] Accordingly, the Court rejects Defendant's claim of sentence disparity based upon his co-defendants' sentences.

## V. CERTIFICATE OF APPEALABILITY

Because Defendant's claims for relief lack merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## VI. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. 77) and denies Defendant a certificate of appealability.

SO ORDERED.

Dated: November 24, 2015  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

---

[2] Most significant, Defendant is a career offender, and his co-defendants are not. Accordingly, whereas Defendant falls in criminal history category VI, his co-defendants fall in categories II and III.

8

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 24, 2015.

s/Karri Sandusky          _____<br>
Case Manager